# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| KELLEY ANNE LIVEOAK, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 05-5110-CV-SW-DW-P |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER**

Kelley Anne Liveoak ("Petitioner") has filed a motion for post-conviction pursuant to 28 U.S.C. § 2255. After considering the Petitioner's motion and the Government's response, the Court denies Petitioner's § 2255 motion.

I. BACKGROUND

On June 15, 2000, the government filed a twenty-two count indictment against eleven individuals and four corporations. In the indictment, the government alleged a health care fraud scheme that involved several residential care facilities, thousands of claims, and over 200 patients. Liveoak was tried and convicted of Count Nine for making fraudulent statements in applications for Medicaid payments, in violation of 42 U.S.C. § 1320a-7b(a)(1). Liveoak's conviction was upheld on appeal. United States v. Liveoak, 377 F.3d 859 (8th Cir. 2004). On August 18, 2005, Liveoak filed this motion for post-conviction relief alleging ineffective assistance of counsel.

II. DISCUSSION

In Strickland v. Washington, 466 U.S. 668 (1984), the United States Supreme Court established a two-part test for evaluating claims of ineffective assistance of counsel. First, a petitioner must show that counsel made errors "so serious that counsel was not functioning as the

'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687. To satisfy this prong of the test, a petitioner must overcome the strong presumption that counsel's conduct was within the wide range of reasonable professional assistance; the Court must be highly deferential when reviewing counsel's performance. Id. at 689. Second, a petitioner must demonstrate that "but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

Liveoak claims her lawyer was ineffective because she did not distinguish between "personal care home health" programs and "personal care residential" programs, the former requiring specific physician authorization and the latter that does not. The Government argues that fraudulent physician certification was not part of the proof in Count Nine against Liveoak. Liveoak was charged with submitting false claims to Missouri Medicaid for services performed while the patients were actually in the hospital and therefore could not receive the claimed services.

Even assuming that Liveoak's allegation that counsel was unaware of the distinction between the different medicaid programs, Petitioner has not established how this would have altered the outcome of the trial. As petitioner is unable to satisfy the second part of the Strickland test, the Court need not explore the first prong. Fields v. United States, 201 F.3d 1025, 1027 (8th Cir. 2000).

III. CONCLUSION

For the foregoing reasons, Petitioner's motion for relief pursuant to § 2255 is DENIED.

IT IS SO ORDERED.

Date: April 21, 2006 /s/ DEAN WHIPPLE
Dean Whipple
United States District Court